WRIGHT, The FRANCIS. See Case No. 5,044.

WRIGHT, The GEORGE S. See Case No. 5,340.

WRIGHT, The JAMES A. See Cases Nos. 7,190 and 7,191.

WRIGHT, The M. W. See Case No. 9,983.

## Case No. 18,103.

### In re WRISLEY et al.

[17 N. B. R. 259.] [1]

District Court, S. D. New York. Feb. 22, 1877.

BANKRUPTCY—LEVY OF EXECUTION—PROCEEDS OF MORTGAGE SALE.

The bankrupts having made default in the payment of a chattel mortgage, the mortgagees, pursuant to the terms thereof, took possession of the mortgaged property. Before the sale a creditor issued execution to the sheriff. One hour thereafter the petition was filed. There was a surplus on the sale of the property. Held, that at the time the execution was issued the bankrupts had no leviable interest in the property, and that the creditor had no lien on the surplus to the exclusion of the assignee.

Claim of Beinecke & Co. to the surplus arising on the sale of certain mortgaged property of the bankrupts [Frank Wrisley and John L. Wrisley], on the ground that

[1] [Reprinted by permission.]

they held a lien thereon by virtue of an execution issued prior to the filing of the petition.

W. S. Palmer, for assignee in bankruptcy. C. Goeller, for Beinecke & Co.

BLATCHFORD, District Judge. The chattel mortgage executed by the bankrupts to Field and others, August 31, 1875, grants, bargains, and sells to the mortgagees all the household furniture, etc., then on the premises and mentioned in the schedule, to have and to hold the same to the mortgagees forever, on condition that if the payments of money specified shall be made as they shall become due, and if the covenants of the lease shall be kept, the mortgage shall be void. The instrument further provides, that until default be made, the mortgaged property shall remain where it is, and that, if default be made in the payment of rent, or in the performance of the conditions of the lease by the lessee, the mortgagees may take possession of the mortgaged property and sell it at public auction and receive the proceeds, and apply them, first to the expenses of sale, and next to paying claims arising under the lease, and the surplus to go to the mortgagors.

It is shown that prior to the issuing to the sheriff of the execution on the judgment of Beinecke & Co., there had been default in the payment of the rent on the lease, and the mortgagees had lawfully, and in accordance with the terms of the mortgage, taken possession of the mortgaged property. Under the law of New York, no leviable interest in the property remained in the mortgagors at the time the execution was issued. Hall v. Sampson, 35 N. Y. 274. The legal title, the right of possession, and possession in fact, were then out of the mortgagors and in the mortgagees. The petition in bankruptcy was filed one hour after the execution was issued, and its operation was such that the right of the assignee in bankruptcy subsequently appointed attached to the property, in priority to any right of Beinecke & Co. Nor, although there was a surplus of the proceeds of the mortgaged property, which would have returned to the mortgagors, if there had been no bankruptcy, can the issuing of the execution operate as a lien on such surplus in exclusion of the right which the general creditors, represented by the assignee in bankruptcy, have to it.

I do not think it is satisfactorily established by the evidence, that there was any property levied on, or capable of being levied on, or attempted to be levied on, or in possession of the mortgagees, when the execution was issued, that was not covered by the mortgage, or that any property not covered by the mortgage was sold by the mortgagees. It results that the claim of Beinecke & Co. must be wholly rejected, with costs of the proceedings, to be paid by them.